Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> DONGGUAN YIKANG PLUSH TOYS CO., LTD. d/b/a WWW.SQUISHMALLOWSS.COM, <br><br> *Defendant* | **21-cv-8111 (JGK)** <br><br> ~~[REVISED PROPOSED]~~ **PRELIMINARY INJUNCTION ORDER** |

/2 of 14

## GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC |
| **Defendant** | Dongguan Yikang Plush Toys Co., Ltd. d/b/a www.squishmallowss.com |
| **Alibaba** | Alibaba Cloud Computing (Beijing) Co., Ltd., a Chinese company, with addresses of 701-29 7F 2 Haidian Dongsan St Haidan District Beijing, China, and any and all affiliated companies, which operates an e-commerce platform, available at www.alibabacloud.com, that enables users to build websites, create online stores, and manage and market their businesses, among other things |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Website (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's Application |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Squishmallows Applications** | U.S. Trademark Serial Application Nos.: 88/471,796 for "SQUISHMALLOWS HUGMEES" for goods in Class 28 and 90/676,140 for "ORIGINAL SQUISHMALLOWS," for goods in Class 28 |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos.: 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; and 2,029,047 for "KELLYTOY" for goods in Class 28 |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Applications |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint |
| **Squishmallows Products** | A line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5 inch clip-ons to extra large 24 inch |

i

| | plush toys, and include styles such as Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows |
|---|---|
| **Counterfeit or Infringing Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products |
| **Defendant's Website** | Any and all fully interactive websites held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that it operates to communicate with consumers regarding its Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendant's websites located at www.squishmallowss.com, along with the domain names associated therewith |
| **Infringing Domain Name** | www.squishmallowss.com |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's Website (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendant |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's Infringing Products and and/or Defendant's Website, including, without limitation, Alibaba, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment |

| | services, website hosts, such as Cloudflare, Inc., domain name registrars, such as Amazon Registrar, Inc. ("Amazon") and GoDaddy.com, LLC ("GoDaddy"), and domain name registries |
| --- | --- |

WHERAS, Plaintiff having moved *ex parte* on September 30, 2021 against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Website and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendant, Third Party Service Providers and Financial Institutions ("Application");

WHEREAS, the Court entered an Order granting Plaintiff's Application on September 30, 2021 ("TRO") which ordered Defendant to appear on October 13, 2021 at 2:30 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on October 11, 2021, pursuant to the methods of alternative service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of Plaintiff's Application on Defendant's email addresses gradyzhit27@gmail.com.

WHEREAS, on October 13, 2021 at 2:30 p.m., Plaintiff appeared at the Show Cause Hearing, however, Defendant did not appear.

## ORDER

1. Defendant is manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products through Defendant's Website.

2. Defendant is not, nor has it ever been, an authorized distributor or licensee of the Squishmallows Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendant's use of the Squishmallows Works and/or Squishmallows Marks, nor has Plaintiff consented to Defendant's use of marks and/or artwork that are

1

confusingly and/or substantially similar to, identical to and constitute a counterfeiting or

infringement of the Squishmallows Works and/or Squishmallows Marks.

3. Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims

at trial.

4. As a result of Defendant's infringements, Plaintiff, as well as consumers, are likely to

suffer immediate and irreparable losses, damages and injuries.

5. The balance of potential harm to Defendant of being prevented from continuing to profit

from its illegal and infringing activities if a ~~temporary restraining order~~ *preliminary injunction* is issued is far 

outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation

built up in and associated with the Squishmallows Works and/or Squishmallows Marks

and to its reputation if a preliminary injunction order is not issued.

6. Public interest favors issuance of the ~~temporary restraining order~~ *preliminary injunction* in order to protect

Plaintiff's interests in and to its Squishmallows Works and/or Squishmallows Marks, and

to protect the public from being deceived and defrauded by Defendant's passing off of

their substandard Counterfeit Products as Squishmallows Products.

7. The injunctive relief previously granted in the TRO shall remain in place through the

pendency of this litigation, and issuing this Order is warranted under Federal Rule of

Civil Procedure 65 and Section 34 of the Lanham Act.

a) Accordingly, Defendant is hereby restrained and enjoined from engaging in any of

the following acts or omissions pending the final hearing and determination of this

action or until further order of the Court:

i. manufacturing, importing, exporting, advertising, marketing, promoting,

distributing, displaying, offering for sale, selling and/or otherwise dealing in

2

Infringing Products or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Squishmallows Marks and/or Squishmallows Works;

ii. directly or indirectly infringing in any manner Plaintiff's Squishmallows Marks and/or Squishmallows Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Squishmallows Marks and/or Squishmallows Works or any other marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed,

promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Plaintiff;

    vi.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Website or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    vii.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

    viii.   linking, transferring, selling and/or operating Defendant's Website; and

    ix.   knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 7(a)(i) through 7(a)(viii) above and 7(b)(i) through 7(b)(ii) and 7(c)(ii) below.

b)  Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court;

4

      ii.    secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's Assets and Defendant's Financial Accounts; and

      iii.    knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 7(a)(i) through 7(a)(viii) and 7(b)(i) through 7(b)(ii) above and 7(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. providing services to Defendant, including without limitation, those relating to the continued operation of Defendant's Website;

      ii.    permitting the transfer, sale and/or assignment of Defendant's Website; and

      iii.    knowingly instructing any other person or business entity in any of the activities referred to in subparagraphs 7(a)(i) through 7(a)(viii) and 7(b)(i) through 7(b)(ii) above and 7(c)(ii) above.

8. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendant's Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary

5

report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant and Defendant's User Accounts, contact information for Defendant (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts.

8. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant served with this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendant's Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

    ii.  current account balances;

   iii.  any and all identifying information for Defendant and Defendant's Website, including names, addresses and contact information;

   iv.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

    v.  any and all deposits and withdrawal during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   vi.  any and all wire transfers into each and every of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

a) Within fourteen (14) days of receipt of service of this Order, the Third-Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.  account details, including, without limitation, identifying information and URLs for any and all accounts or websites that that Defendant has ever had and/or currently maintains with the Third-Party Service Providers;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendant;

    iii. the nature of Defendant's business(es) and operation(s), methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's Website, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's Website; and

    iv. Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing Products, or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks or artwork that are confusingly similar or substantially similar to, identical to and constitute an infringement of the Squishmallows Marks and/or Squishmallows Works.

Service of this Order shall be made on Defendant by the following means:

    a) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download a PDF copy of this Order to Defendant's e-mail addresses, service@squishmallowss.com and gradyzvhit27@gmail.com; and

    b)  delivery via China-based courier service, S.F. EXPRESS (BEIKING) CO., LTD., of a copy of this Order to Defendant's "Shop Address", No. 3, 16th Street, Lincheng, Chashan Town, Dongguan City, Guangdong Province China.

12. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendant, Third Party Service Providers and Financial Institutions through the pendency of this action.

13. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

    a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

    c)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba Cloud Computing (Beijing) Co., will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

    d)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Amazon will be able to download a PDF copy of this Order via electronic mail to legal@amazon.com and registrar-abuse@amazon.com; and

    e)    delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where GoDaddy will be able to download a PDF copy of this Order via electronic mail to compliancemgr@godaddy.com and courtdisputes@godaddy.com.

14.   7.    Defendant is hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by it in violation of this Order may be considered and prosecuted as in contempt of this Court.

15.   8.    The $25,000 bond posted by Plaintiff, subject to change in light of further briefing on the volume of sales involving the alleged infringing products, shall remain with the Court until a final disposition of this case or until this Order is terminated.

16.   9.    This Order shall remain in effect during the pendency of this action, or until further order of the Court.

17.   4.    Defendant may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _15_ day of _October_, 2021, at _6:59_ _p_.m.
New York, New York

HON. JOHN G. KOELTL
U.S.D.J.