UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                                       :

KELLY TOYS HOLDINGS, LLC,                    :

                        Plaintiff,              :            21-CV-8111 (AS) (GWG)

      -v-                                       :            ORDER ADOPTING
                                         :            REPORT AND
GUANGZHOU LIANQI TECHNOLOGY CO., LTD.    :            RECOMMENDATION
D\B\A www.squishmallowss.com and
www.squishmallowss.com,                         :

                        Defendants.        X

------------------------------------------------------------------------
ARUN SUBRAMANIAN, United States District Judge:

       On June 16, 2023, the Court granted a default judgment to Plaintiff on the issue of liability and referred this case to Magistrate Judge Gorenstein for an inquest on the issue of damages. *See* Dkts. 68, 69. In a Report and Recommendation filed on April 1, 2024, Magistrate Judge Gorenstein recommended Plaintiff be awarded $500,000, post-judgment interest, transfer of the infringing domain name, and a permanent injunction. *See* Dkt. No. 76.

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

       In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt.

No. 76. In addition, the Report and Recommendation expressly called Defendants' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).[1]

As of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendants waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 1, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

---

[1] The Court also directed Plaintiff to serve the Report and Recommendation on Defendants. Plaintiff did so on April 1, 2024, pursuant to the methods of alternative service authorized by the Court. Dkt. No. 77. Service was not effectuated because Defendants changed their email addresses, possibly to avoid service. Nevertheless, service is not required here. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.")